UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JORDY SANTOS MARRERO,

　　　　　　　　　　　Plaintiff,

　　　　-against-

HOME DEPOT USA, INC.,

　　　　　　　　　　　Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/19/2026

26-cv-4008 (LAK)

## ORDER

Lewis A. Kaplan, *District Judge.*

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332 and 1441. The notice of removal fails adequately to allege the existence of subject matter jurisdiction because, perhaps among other things, it fails adequately to allege:

☑ The citizenship of one or more natural persons. *See, e.g., Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377 (1904); *Leveraged Leasing Administration Corp.v. PacifiCorp Capital, Inc.,* 87 F.3d 44 (2d Cir. 1996); *Krause v. Forex Exchange Market, Inc.,* 356 F. Supp.2d 332, 337 (S.D.N.Y. 2005) ("only an alien admitted to the United States for permanent residence may be deemed a citizen of a state") (cleaned up).

☐ The citizenship of one or more corporations. *See* 28 U.S.C. § 1332(c)(1).

☐ The citizenship of one or more partnerships. *See Carden v. Arkoma Assocs.,* 494 U.S. 195 (1990).

☐ The exact nature and citizenship of one or more alleged limited liability companies. *See Handlesman v. Bedford Village Green Assocs. L.P.,* 213 F.3d 48, 52 (2d Cir. 2000).

Absent the filing, on or before May 26, 2026 of an amended notice of removal adequately alleging the existence of subject matter jurisdiction, this action will be remanded for lack of subject matter jurisdiction.

SO ORDERED.

Dated:　　　　May 19, 2026

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　United States District Judge